CALOGERO, Justice,
dissenting.
Defendant Turner was represented by court-appointed counsel aided by properly-authorized student practitioners. On earlier trials of this matter and others, counsel had subpoenaed an important defense witness whose testimony had been very helpful in refuting the state’s case against him (this very case, in fact, which had earlier ended in a mistrial). At trial set on November 10th, it was discovered that this witness through a mistake[1] had not been subpoenaed and was not present. Defendant’s motion for a continuance was granted, but the trial court cautioned defense counsel to arrange to have the witness subpoenaed for the newly-set trial. However, counsel again failed to arrange for the subpoena and the witness did not appear. Counsel’s motion for a continuance was denied, trial was held, and defendant was convicted.
Normally, complaints concerning ineffective counsel are reserved for consideration in connection with a later-filed writ of ha-beas corpus. In this case, however, the faulty representation by court-appointed counsel and student practitioners preceded the trial date and was apparent to the judge who was specifically asked to grant a continuance. Under these circumstances, when the judge, through the simple expedient of granting a continuance, could have obviated the prejudice suffered by this defendant because of neglect on the part of court-appointed counsel, I believe that the judge erred in denying the continuance motion. Therefore, I respectfully dissent.

. It is not clear whose mistake this was. It is clear that the state’s earlier nolle prossing and reinstitution of the charge gave rise to the occasion for omission of the witness’ name from the subpoena list.